United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ryan D. Gesten, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-22541-Civ-Scola |
| | ) |
| Burger King Corporation d/b/a | ) |
| Burger King, Defendant. | ) |

### Order Denying Defendant's Motion to Stay Proceedings

  The Plaintiff brings this purported class action under the Fair and Accurate Credit Transactions Act ("FACTA") to recover for the Defendant's alleged violation of FACTA's prohibition on printing transaction receipts that reveal more than the last five digits of a consumer's debit or credit card number. (Compl., ECF No. 1.) The Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the Plaintiff does not have standing to pursue his claims. (Mot. to Dismiss, ECF No. 12.) The Defendant's motion is fully briefed.

  The Defendant has moved to stay the proceedings pending resolution of the motion to dismiss (ECF No. 20). In support of its motion to stay, the Defendant argues that resolution of the motion to dismiss could dispose of this entire matter, and the Plaintiff has served "overly broad, burdensome, and unnecessary [discovery] requests that will force defendant to expend considerable time and resources." The Plaintiff opposes the motion to stay (ECF No. 30).

  District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). This District's Local Rules make clear, however, that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *See* S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5) (unilateral motions to stay discovery are generally denied). Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See*

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.). In determining whether a stay is appropriate, courts generally analyze four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) the potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay is in the public interest. *See, e.g., Boise v. ACE USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015) (Cooke, J.).

To evaluate the likelihood that a dismissal motion will be granted, a district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important – while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

Having preliminarily examined the Defendant's motion to dismiss, the Plaintiff's response thereto, and the Defendant's reply, the Court cannot say that there is such a strong likelihood that the motion will be granted that it outweighs the Plaintiff's need to conduct discovery and the potential case management and scheduling problems that may result from a stay. The Court notes that at the same time that the Defendant requested the stay, the Defendant also requested a thirty-day extension of time to respond to the Plaintiff's discovery requests (ECF No. 21). The Defendant then filed an Unopposed Motion to Extend Scheduling Order Deadlines by Thirty Days, indicating that the Plaintiff had agreed to the Defendant's requested thirty-day extension of time to respond to discovery, provided that the Defendant file a motion to enlarge all deadlines in the Scheduling Order by thirty days (ECF No. 27). The Court granted the motion to extend all deadlines in the Scheduling Order by thirty days, which should relieve some of the burden on the Defendant while the Court considers the motion to dismiss. If the Defendant has legitimate concerns that the Plaintiff's discovery requests are overly broad, burdensome, or unnecessary, the Defendant can raise the issue in the appropriate manner before Magistrate Judge Edwin G. Torres, as set forth in his Order Setting Discovery Procedures (ECF No. 7).

Therefore, it is hereby **ordered and adjudged** that the Defendant's Motion to Stay Proceedings Pending Resolution of Motion to Dismiss is **denied**. (**ECF No. 20**).

**Done and ordered** in chambers at Miami, Florida on September 22, 2017.

_____
Robert N. Scola, Jr.
United States District Judge